O

# United States District Court
# Central District of California

| | |
|---|---|
| DAVID FERRER ARROYO,<br><br>  Plaintiff,<br><br>  v.<br><br>ALBERTSONS COMPANIES, INC. et al.,<br><br>  Defendants. | Case № 2:24-cv-08935-ODW (Ex)<br><br>**ORDER GRANTING**<br><br>**MOTION TO DISMISS [30]** |

## I.  INTRODUCTION

Plaintiff David Ferrer Arroyo brings this putative class action against Defendant Albertsons Companies, Inc. ("Albertsons") for allegedly selling gift cards containing no monetary value.  (First Am. Compl. ("FAC"), ECF No. 26.)  Albertsons moves to dismiss this action pursuant to Federal Rules of Civil Procedure ("Rule" or "Rules") 12(b)(6).  (Mot. Dismiss ("Mot."), ECF No. 30).  For the following reasons, the Court **GRANTS** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R.  7-15.

## II. BACKGROUND[2]

On October 4, 2023, Ferrer Arroyo purchased four Vanilla-branded gift cards, each for an amount of $400 with a $5.95 purchase charge, at an Albertsons grocery store in San Dimas, California ("San Dimas Albertsons"). (FAC ¶ 10.) In total, Arroyo paid $1,623.80 for the gift cards. (*Id.*) Several months later, in January 2024, Ferrer Arroyo gifted one of the $400 gift cards to another individual. (*Id.* ¶ 12.) After attempting to access the funds on the gift card, the recipient informed Ferrer Arroyo that the gift card contained no monetary value. (*Id.*) Ferrer Arroyo then opened another gift card and discovered that it also contained no monetary value. (*Id.*)

Following this discovery, Ferrer Arroyo returned to the San Dimas Albertsons and informed the Store Manager about this issue. (*Id.* ¶ 13.) While at the store, the Store Manager and Ferrer Arroyo opened the remaining two gift cards and found that they were also valueless. (*Id.*) At the Store Manager's instruction, Ferrer Arroyo filed a complaint with Albertsons' customer service department and received a ticket number related to the complaint. (*Id.*) After receiving no response from Albertsons, Ferrer Arroyo returned to the San Dimas Albertsons and the Store Manager informed him that he would call customer service on Ferrer Arroyo's behalf. (*Id.* ¶ 14.) Ferrer Arroyo never received a response from Albertsons. (*Id.* ¶¶ 13–14.)

Ferrer Arroyo subsequently filed a formal claim with Vanilla Gift Cards and received a response two months later, on March 25, 2024. (*Id.* ¶ 15.) On April 15, 2024, Ferrer Arroyo completed an email form and submitted it to Vanilla Gift Cards, and on July 24, 2024, Vanilla Gift Cards confirmed receipt. (*Id.*) On September 8, 2024, InComm Payments ("InComm"), the card provider for Vanilla Gift Cards, informed Ferrer Arroyo that it would send him replacement cards. (*Id.* ¶ 15.)

---

[2] All factual references derive from Plaintiff's First Amended Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Based on the above, Ferrer Arroyo alleges that Albertsons knew the gift cards "are subject to fraud" and "has been aware of the issue of worthless gift cards sold to consumers" at its locations for many years. (*Id.* ¶¶ 16, 18.) He further alleges that despite knowing their gift cards are subject to fraud, Albertsons sold the gift cards to Ferrer Arroyo "without any such disclosures." (*Id.* ¶ 16.) Ferrer Arroyo also alleges that Albertsons did not take adequate preventative measures to avoid the sale of valueless gift cards such as "train[ing] or requir[ing] its associates to carefully and consistently inspect all gift cards prior to sale for evidence of tempering" or "restrict[ing] the public from having access to gift cards by keeping all of them behind a counter where consumers who want to purchase gift cards must request them from an attendant." (*Id.* ¶ 25.) As a result of Albertsons' conduct, Ferrer Arroyo claims he suffered "lost time from an opportunity-cost perspective" for time spent "driving back and forth" to San Dimas Albertsons and speaking with the Store Manager, contacting Albertsons customer service department, and communicating with InComm. (*Id.* ¶ 17.)

Ferrer Arroyo initiated this putative class action on behalf of himself and all other similarly situated consumers "who purchased a gift card from an Albertsons owned store, for a specified monetary amount, and who were not able to access the total monetary amount of gift card value purchased, because the total monetary amount was not available on the gift card after purchase." (*Id.* ¶ 27(1).) Ferrer Arroyo asserts one cause of action for violation of the Consumer Legal Remedies Act ("CLRA"), California Civil Code section 1750, *et seq.*, and seeks, among other things, actual damages and injunctive relief "to prevent the sale of valueless gift cards" and to enjoin Albertsons from engaging in "unlawful, unfair, and fraudulent business practices." (*Id.*, Prayer for Relief ¶¶ 2–3.)

Albertsons now moves to dismiss this action. (Mot.) The Motion is fully briefed. (Opp'n, ECF No. 35; Reply, ECF No. 37.)

### III.     LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (internal quotation marks omitted). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

When a plaintiff's claims are fraud-based, Rule 9(b)'s heightened pleading requirements apply. *Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. 1989); *see also* 18 U.S.C. §§ 1341, 1343. Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "A pleading satisfies Rule 9(b) if it identifies 'the who, what, when, where, and how' of the misconduct charged." *MetroPCS v. SD Phone Trader*, 187 F. Supp. 3d 1147, 1150 (S.D. Cal. 2016) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). The plaintiff must "set forth more than the neutral facts

necessary to identify the transaction [and] must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (emphasis omitted).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV.   DISCUSSION

Albertsons moves to dismiss the single CLRA cause of action on the grounds that Ferrer Arroyo (1) fails to identify a single misrepresentation made by Albertsons, (2) alleges injuries that are not caused by the alleged violation, and (3) cannot seek monetary damages for lost opportunity cost. (Mot. 11–22.)

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770(a). Specifically, the CLRA makes illegal acts or practices that are "undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." *Id.* Conduct that is "likely to mislead a reasonable consumer" violates the CLRA. *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 680 (2006) (quoting *Nagel v. Twin Labs., Inc.*, 109 Cal. App. 4th 39, 54 (2003)).

Ferrer Arroyo contends that Albertsons violated CLRA section 1770(a)4–5, 9, and 14 by "[u]sing deceptive representations or designations of geographic origin in connection with goods or services," [r]epresenting that goods or services have . . . quantities that they do not have," "[a]dvertising goods or services with intent not to sell them as advertised," and [r]epresenting that a transaction confers or involves

rights, remedies, or obligations that it does not have." (*See* FAC ¶ 38.)  Where, as here, Ferrer Arroyo's CLRA claims are based on a fraudulent omission or misrepresentation, he "must plead (1) misrepresentation or omission, (2) reliance, and (3) damages, all with the particularity required by Rule 9(b)." *Boyd v. SunButter, LLC*, 762 F. Supp. 3d 931, 941 (C.D. Cal. 2025); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA."). The parties do not dispute that Rule 9(b)'s heightened pleading requirement applies. (Mot. 11; Opp'n 10 n.7.)

**A.    Affirmative Misrepresentation**

Albertsons first argues that Ferrer Arroyo "do[es] not establish any misrepresentation by Albertsons of the gift cards' features." (Mot. 12.)

In the First Amended Complaint, Ferrer Arroyo pleads only one statement—that the Vanilla-branded gift card packaging stated gift cards "could be purchased in any amount between '$20–$500' with a '5.95 Purchase Charge.'" (FAC ¶ 10.) To adequately plead a misrepresentation under Rule 9(b), Ferrer Arroyo must show *how* this statement is misleading. *Vess*, 317 F.3d at 1106; *see, e.g.*, *Oh v. Catalina Snacks, Inc.*, 764 F. Supp. 3d 903, 913 (C.D. Cal. 2025) (pleading the packaging misrepresented the quantity contained inside of it by alleging it contained "40–47% empty space"). Ferrer Arroyo does not explain in the First Amended Complaint *how* this statement is misleading—for instance, that consumers could *not* purchase the gift cards for the amounts indicated.

In his opposition, Ferrer Arroyo argues for the first time that the gift card packaging, combined with Albertsons' "conduct in agreeing to take payment from a consumer to add a specified monetary value to the gift cards once activated at the register," show that Albertsons misrepresented the value of the gift cards. (Opp'n 8.) Contending that the facts in this case are "directly on-point" with *Hiradate v. Ralphs Grocery Company*, No. 2:22-cv-03593-SSS (PDx), 2022 WL 19299128 (C.D. Cal. Nov. 28, 2022), Ferrer Arroyo argues that his allegations in opposition are sufficient

to plead an affirmative misrepresentation. (*Id.* at 8–9.) However, Ferrer Arroyo did not plead in the First Amended Complaint that Albertsons misrepresented the amounts in the gift cards at the time of sale and the Court may not consider this newly raised allegation in evaluating the sufficiency of the pleading. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). Notwithstanding the newly raised argument, *Hiradate* is not on point. In *Hiradate*, the plaintiff alleged that third parties tampered with the gift card *before* he purchased it, and therefore the grocery store's statement that "it could, would, and did load $500 onto the [g]ift [c]ard" was false at the time it was made. 2022 WL 19299128, at *2–3. Here, Ferrer Arroyo does not allege that the gift cards were valueless at the time of purchase. He alleges that he did not discover the gift cards were valueless until January 2024, several months after he purchased them. (FAC ¶¶ 12–13.) Accordingly, the allegations are insufficient to show *how* the packaging statement, even when combined with Albertsons' conduct of accepting payment, was misleading when made.

**B. Omission**

Albertsons next argues that Ferrer Arroyo fails to plead a misleading omission. (Mot. 13.)

To plead an actionable omission under the CLRA, "the omission must be contrary to a representation actually made by the defendant, or an omission of a fact that defendant was obliged to disclose." *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018) (emphasis omitted) (quoting *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 836 (2006)).

Here, Ferrer Arroyo alleges that Albertsons (1) knew the Vanilla-branded gift cards "are subject to fraud which can render them worthless, . . . yet it sold [them] without any such disclosures," and (2) did "not adequately warn[] gift card

purchasers . . . that [they] might not be able to access the monetary value they paid for the gift card after purchase and that the gift card might actually be worthless." (FAC ¶¶ 16, 25.)

First, Ferrer Arroyo fails to show that the alleged omissions are contrary to a representation made by Albertsons. *Hodsdon*, 891 F.3d at 861. As previously discussed, the only statement that Ferrer Arroyo alleges is the statement on the packaging, that gift cards "could be purchased in any amount between '$20–$500' with a '5.95 Purchase Charge.'" (FAC ¶ 10.) Ferrer Arroyo does not explain how the omission of a disclosure regarding fraud or potentially valueless gift cards contradicts the statement that the gift cards can be purchased for certain amounts.

Second, Ferrer Arroyo fails to allege a duty to disclose. (*See generally* FAC.) Under California law, an obligation to disclose may arise in the following four circumstances if the defendant (1) "is in a fiduciary relationship with the plaintiff"; (2) "had exclusive knowledge of material facts not known to the plaintiff"; (3) "actively conceals a material fact from the plaintiff"; and (4) "makes partial representations but also suppresses some material facts." *Kulp v. Munchkin, Inc.*, 678 F. Supp. 3d 1158, 1169 (C.D. Cal. 2023). "In order for non-disclosed information to be material, a plaintiff must show that, 'had the omitted information been disclosed, one would have been aware of it and behaved differently.'" *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1095 (N.D. Cal. 2007). Materiality looks to whether "a reasonable consumer would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question." *Acevedo v. Sunnova Energy Corp.*, 738 F. Supp. 3d 1268, 1281 (C.D. Cal. 2024) (quoting *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015)).

In his opposition, Ferrer Arroyo contends that Albertsons had "actual knowledge of the pervasive gift card fraud issue" and "specific knowledge of gift card tampering risks." (Opp'n 12.) A defendant's knowledge can raise an obligation to disclose if the knowledge was either exclusive and not known to plaintiff or was

actively concealed. *Kulp*, 678 F. Supp. 3d at 1169. Ferrer Arroyo fails to demonstrate either. Absent from the First Amended Complaint are any allegations that Ferrer Arroyo did not know of this risk or that Albertsons actively concealed the risk. In his opposition, Ferrer Arroyo argues that Albertsons knew "one potential scam involves third parties removing the security tape covering the activation code on the gift cards . . . and then replacing the [activation code] with a substantially similar equivalent." (Opp'n 12.) But Albertsons presents copies of the gift card packaging[3] showing that this risk was disclosed on the packaging, with the following disclosure: "IF TAMPER EVIDENT, DO NOT PURCHASE" and "[f]or security purposes, please check that the underlined portion of this [serial] number matches the [serial] number below." (Mot. 14; Decl. Jane Metcalf ISO Mot. Ex. 2 ("Gift Card Package"), ECF No. 31–3.) Thus, if the material omission is based on Albertsons' knowledge of the activation code scam, Ferrer Arroyo fails to sufficiently plead that he did not know this fact or that Albertsons actively concealed it.

Additionally, Ferrer Arroyo fails to explain how a disclosure would have caused a reasonable consumer to behave differently—e.g., not purchase the gift cards. *See Falk*, 496 F. Supp. 2d at 1095. Ferrer Arroyo broadly states that Albertsons did "not adequately warn[] gift card purchasers," and that Albertsons should have trained its employees to inspect the gift cards for tampering or restrict the public's access to the gift cards. (FAC ¶ 25.) In response to Albertsons' assertion that he would have known the risk "if he had bothered to read the card packaging," (Mot. 14), Ferrer Arroyo states that this is "tantamount to victim-blaming" and again points to Albertsons' failure to restrict the public's access to the gift cards, (Opp'n 12–13). It is unclear—and Ferrer Arroyo does not allege—how a reasonable consumer would "attach importance" to the proposed disclosure and alter their behavior. *Acevedo*, 738 F. Supp. 3d at 1281. Further, Ferrer Arroyo argues that Albertsons must take

---

[3] The Court incorporates by reference photographs of the gift card packaging. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (permitting incorporation by reference where "document forms the basis of the plaintiff's claim").

additional preventive measures beyond a disclosure; it is therefore unclear how the proposed disclosure alone would be sufficient to alter the consumers' behavior. Accordingly, as pleaded, Ferrer Arroyo fails to show that the alleged omission is material.

Based on the foregoing, Ferrer Arroyo does not meet the threshold requirement of pleading a misrepresentation or omission and the Court need not reach Albertsons' additional arguments for dismissal. *Boyd*, 762 F. Supp. 3d at 941. Accordingly, the Court **GRANTS** the Motion.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Albertsons' Motion to Dismiss and **DISMISSES** the First Amended Complaint **WITH LEAVE TO AMEND**. (ECF No. 30.) If Ferrer Arroyo chooses to amend, he must file his Second Amended Complaint no later than **fourteen (14) days** from the date of this order. If Ferrer Arroyo does not timely amend, this dismissal shall be deemed a dismissal with prejudice.

**IT IS SO ORDERED.**

August 19, 2025

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**