**O**

# United States District Court
# Central District of California

DAVID FERRER ARROYO,

          Plaintiff,

   v.

ALBERTSONS COMPANIES, INC. et al.,

          Defendants.

Case № 2:24-cv-08935-ODW (Ex)

**ORDER GRANTING MOTION TO DISMISS [49]**

## I.    INTRODUCTION

Plaintiff David Ferrer Arroyo brings this putative class action against Defendant Albertsons Companies, Inc. for allegedly selling gift cards containing no monetary value. (Second Am. Compl. ("SAC"), Dkt. No. 46.) Albertsons moves to dismiss this action pursuant to Federal Rules of Civil Procedure ("Rule" or "Rules") 12(b)(6). (Mot. Dismiss ("Mot."), Dkt. No. 49). For the following reasons, the Court **GRANTS** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND[2]

The Court incorporates the factual background in the Court's August 19, 2025 order granting Albertsons' motion to dismiss Ferrer's First Amended Complaint. (Order Granting Mot. Dismiss ("MTD Order") 2–3, Dkt. No. 45.)   The principal material difference between Ferrer's First Amended Complaint and his Second Amended Complaint is his allegation that Albertsons failed to warn Ferrer that the full monetary value he added to the gift cards might not be available on the gift cards after purchase.  (*Compare* FAC ¶¶ 10, 13, 16, 18, 25, 38, Dkt. No. 26, *with* SAC ¶¶ 10, 13, 16, 18, 25, 38.)

Ferrer initiated this putative class action on behalf of himself and all other similarly situated consumers "who purchased a gift card from an Albertsons owned store, for a specified monetary amount, and who were not able to access the total monetary amount of gift card value purchased, because the total monetary amount was not available on the gift card after purchase."  (SAC ¶ 27(1).)  Ferrer asserts one cause of action for violation of the Consumer Legal Remedies Act ("CLRA").  (SAC ¶¶ 36–41.)  Albertsons now moves to dismiss this action for failure to state a claim.  (Mot.)

## III.    LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).   To survive a motion to dismiss, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).   The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Stated differently, the complaint must "contain

---

[2] All factual references derive from Ferrer's Second Amended Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).

Determining whether a complaint states a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court limits its review to the pleadings and must construe all factual allegations in the complaint "as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, "unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

When a plaintiff's claims are fraud-based, Rule 9(b)'s heightened pleading requirements apply. *Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. 1989). Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "A pleading satisfies Rule 9(b) if it identifies 'the who, what, when, where, and how' of the misconduct charged." *MetroPCS v. SD Phone Trader*, 187 F. Supp. 3d 1147, 1150 (S.D. Cal. 2016) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). The plaintiff must "set forth more than the neutral facts necessary to identify the transaction [and] must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (emphasis omitted).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if

amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

### IV.    DISCUSSION

Albertsons moves to dismiss the single CLRA cause of action, primarily arguing that Ferrer again fails to plead an actionable misrepresentation or omission. (Mot. 10–15.)

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770(a). Specifically, the CLRA makes illegal acts or practices that are "undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." *Id.* Conduct that is "likely to mislead a reasonable consumer" violates the CLRA. *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 680 (2006). Where, as here, Ferrer's CLRA claims are based on a fraudulent omission or misrepresentation, he "must plead (1) misrepresentation or omission, (2) reliance, and (3) damages, all with the particularity required by Rule 9(b)." *Boyd v. SunButter, LLC*, 762 F. Supp. 3d 931, 941 (C.D. Cal. 2025); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA.").

### A.    Misrepresentation

Ferrer still fails to plead an actionable misrepresentation. To sufficiently plead a fraudulent misrepresentation, a plaintiff must identify "how" the misrepresentation is misleading. *See, e.g.*, *Oh v. Catalina Snacks, Inc.*, 764 F. Supp. 3d 903, 913 (C.D. Cal. 2025). As in his First Amended Complaint, Ferrer only pleads one statement: that the Vanilla-branded gift card packaging stated gift cards "could be purchased in any amount between '$20–$500' with a '5.95 Purchase Charge.'" (SAC ¶ 10.) The Court previously explained that this statement is not misleading with any explanation from Ferrer as to "*how* this statement is misleading—for instance, that consumers could *not* purchase the gift cards for the amounts indicated." (MTD

4

Order 6–7.)  Despite this explanation, Ferrer adds only that Albertsons failed to warn him "that the full monetary value he paid to Albertsons might not be available to him on the gift cards after purchase" and "to check the balance before leaving the store." (SAC ¶ 16.)  This allegation does change the Court's previous analysis.  Even if Albertsons knew the gift cards might lose value *after* purchase, that does not alter the fact that the gift cards "could be purchased in any amount between $20–$500" *at the time of purchase*.  (*Id.* ¶ 10.)

**B.    Omission**

Ferrer also still fails to plead an actionable omission.  To plead an actionable omission under the CLRA, "the omission must be contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose."  *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018) (emphasis omitted) (quoting *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 836 (2006)).

Ferrer again fails to show that the alleged omissions are contrary to a representation made by Albertsons.  As discussed above, the only statement that Ferrer alleges is that Albertsons's gift cards can be purchased "in any amount between '$20–$500' with a '5.95 purchase charge.'"  (SAC ¶ 10.)  However, Ferrer still fails to demonstrate how omission the omission of a disclosure regarding fraud or potentially valueless gift cards contradicts the statement that the gift cards can be purchased for certain amounts.  (*See* MTD Order 8.)  Ferrer does not cure this defect by simply adding the allegation that Albertsons failed to warn Ferrer that he may later lose the value.  (*See* SAC ¶ 16.)

Ferrer also again fails to allege a duty to disclose.  (*See generally* SAC.)  Under California law, an obligation to disclose may arise in the following four circumstances: (1) "when the defendant is in a fiduciary relationship with the plaintiff"; (2) "when the defendant had exclusive knowledge of material facts not known to the plaintiff"; (3) "when the defendant actively conceals a material fact from

the plaintiff"; and (4) "when the defendant makes partial representations but also suppresses some material facts." *Kulp v. Munchkin, Inc.*, 678 F. Supp. 3d 1158, 1169 (C.D. Cal. 2023). "[F]or non-disclosed information to be material, a plaintiff must show that, 'had the omitted information been disclosed, one would have been aware of it and behaved differently.'" *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1095 (N.D. Cal. 2007) (quoting *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993)).

First, Ferrer does not plead a fiduciary relationship. (*See generally* SAC.)

Second, Ferrer also fails to add anything to plausibly suggest Albertsons had exclusive knowledge of material undisclosed facts. Instead, Ferrer adds even more news articles including discussion about third parties draining gift cards after purchase. (*See, e.g.*, SAC ¶ 13 n.2.) For obvious reasons, widespread reporting of the potential that gift cards may lose value after purchase refutes any inference that Albertsons was in exclusive knowledge of that same fact.

Third, Ferrer fails to add any factual allegations to plausibly suggest active concealment. Instead, Ferrer adds only that Albertsons "actively concealed" that Ferrer may not have the full monetary value of his gift cards after purchase. (SAC ¶ 38.) Such a conclusory allegation, standing alone, represents a "formulaic recitation of the elements of a cause of action" and does not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Finally, Ferrer fails to add anything to plausibly explain how disclosure of a gift card's potential loss of value would have caused a reasonable consumer to behave differently, such that the omission was material. Instead, Ferrer adds only that Albertsons failed to warn him "that the full monetary value he paid to Albertsons might not be available to him on the gift cards after purchase" and "to check the balance before leaving the store." (SAC ¶ 16.) But nothing in the Second Amended Complaint suggests that third parties drained Ferrer's or any other consumer's gift cards *prior* to them leaving the store. Thus, even if Albertsons did add Ferrer's

requested disclosure, it is implausible that such a disclosure would alter a consumer's behavior.

Based on the foregoing, Ferrer still does not meet the threshold requirement of pleading a misrepresentation or omission. Thus, the Court need not reach Albertsons' additional arguments for dismissal. Furthermore, despite ample opportunity to state a valid claim, Ferrer again fails to do so. In its previous Order, the Court identified the pleading deficiencies and explained how to cure them. (*See generally* MTD Order.) As Ferrer's Second Amended Complaint adds little yet suffers the same pleading defects as the previous pleading, the Court finds that further amendment would be futile. *See, e.g.*, *El Dorado Cmty. Serv. Ctr. v. County of Los Angeles*, No. 2:15-cv-07998-JFW (MRWx), 2017 WL 6017297, at *3 (C.D. Cal. Jan. 3, 2017). Accordingly, the Court declines to grant leave to amend.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Albertsons's Motion to Dismiss, (Dkt. No. 49), and **DISMISSES** the Second Amended Complaint **WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND**. The Court will issue judgment consistent with this Order.

**IT IS SO ORDERED.**

March 12, 2026

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

7